Sneed, J.,
delivered the opinion of the court:
The original bill in this case was filed October 14, 1858, against John R. Branner, W. A. Branner, H. H. Hubbard, and W. G-. Swan, to enjoin perpetually the collection of a noté executed by complainants to the Central Bank, for $5,000, upon certain grounds not necessary to notice. The action at law was then pending on the note, and bill prays that the rights of the parties may be finally adjudged in the court of chancery. The answers deny the allegations of the bill as to all the equities set up therein, and upon these issues no proof was taken. The defendants, in their answers, agree that all the matters in litigation shall be finally settled in the court of equity. Thus matters stood until the 28th of March, 18J3, when complainant Gaut made affidavit that he had just then learned that the defendants had, after the filing of the original bill, executed to his co-complainant and co-partner, McOlung, a release from all liabilities upon the note in controversy, and was allowed to file an amended bill, setting up this fact and claiming that the effect of said release to one of the firm of McOlung, Campbell & Gaut, was to release the other *93 members of tbe firm. To this bill lie made bis co-complainant, McClung, and tbe defendants to tbe original bill, or tbeir representatives, parties defendant. Tbe other complainant, Campbell, bad, in tbe meantime, died insolvent-, and as to bim tbe case was abated.
It is not necessary to consider tbe question as to tbe title of tbe defendants to the note in controversy. The note in controversy was executed to tbe Central Bank, once a banking corporation at JSTashville, and there being no cashier at tbe time, tbe bank, it appears, by its president, H. II. Hubbard, indorsed the note to H. H. Hubbard, individually, and by successive indorsements, it came into tbe bands of VY. G. Swan. The bill alleges that tbe defendants bad no title, because tbe president bad no right to indorse tbe note to himself. Tbe answer asserts that right, and no proof is taken. u
It is sufficient for tbe adjustment of tbe equities of tbe parties, as they are presented, that tbe defendants are tbe holders and apparent owners of tbe note. But in tbe view we have taken of tbe case, it does not become necessary to adjudge tbe question of technical title. Tbe release under which McClung' claims to be discharged, and under tbe legal effect whereof, tbe other partner, Gaut, also claims to be discharged, is in tbe following words:
“Knoxville, Tenn., December 21, 1859.
“Tbe undersigned hereby agree that they will mot collect of Hugh L. McClung, or his sureties on an injunction bond, C. B. Trigg and Ií. M. McClung, any part of any decree or judgment that may be recovered against bim upon a note for $5,000, executed by McClung, Campbell & Gaut, sued on by them in the circuit court of Knox county, and now pending in tbe chancery court at Knoxville, or in any way hold them responsible for tbe same.
(Signed) Vm. G. Swan,
W. A. Beannee,
John R. Beannee,
*94 Tlie complainant, McClung, testifies, in substance, that lie liad, a 'Valid defense against tlie collection of said note, and tlie release ivas given to Mm upon tlie agreement oil Ms part tliat lie would in no way defend tlie action at law on tlie note, and it does not appear tliat lie afterwards paid any attention to tlie suit. It appears, also, that upon a dissolution of the firm of McClung, ■ Campbell & G-aut, it was stipulated and agreed tliat McOlnng should not be further bound as between the partners for any of the liabilities of the firm, the same being assumed by the other partners. At the time of this stipulation and agreement, the note in controversy was one of the outstanding demands against the firm. There can be no doubt that an agreement not to sue, or an agreement by one of several defendants not to defend a suit, is a good consideration to support a release as to him. Where the parties come fairly to an agreement or compromise as to a pending controversy, as to their rights, the courts will sustain the compromise; and this is so even where the conclusion of the parties as to their respective rights, as a matter of judgment, differs from that which the court might have reached, provided there is no fraud, misrepresentation, or mistake as to matter of fact. If, by the agreement, the parties have avoided the necessity for legal proceedings, this, of itself, is a sufficient consideration to support the agreement. 1 Story Eq., par. 106 c. Under the ancient law, an instrument, in its terms a release, hut not under its seal, was not a release, and cannot he pleaded as such. Redmond v. Coffin, 2 Dev. Eq. [N. C.], 437 [441]. But under the laws of this stale [Shannon’s Code, sec. 3213], the sanctity of seals has been abrogated, and under our statutes all releases in writing, whether of a debt of record or a contract under seal, or otherwise, shall have effect according to' the intention of the parties thereto, and all settlements in writing, .made in good faith, for the composition of debts, shall he taken as evidence and held to operate according to the intention *95 of tlie parties, although no- release, under seal, is given, and no ucav consideration is passed. Code, secs. 3789, 3790 [Shannon’s Code, secs. 5570, 5571]. The- court has no-difficulty in holding that, under the release in question, Hugh L. McOlung is absolutely discharged from all liability on the note, and the question is, what is the effect of said discharge upon the other partners -of the firm of Mc-Clung, Campbell & Gaul?
It is an elementary and familiar principle that the discharge of one co-obligor or co-partner from a joint liability operates to discharge them all. This is a principle of the common law universally recognized, and it must be decisive of this case unless it be modified or abrogated by the statute referred to. We are of 'opinion that the statute has reference alone to the parties to the instrument, as between themselves, and that it in no manner affects the rights of others not parties thereto. A case is thus presented of a mistake by defendants as to the legal effect of the discharge of one partner upon the rights of other partners, not in privity with the parties to the release. It was no doubt the intention of the defendants to release McOlung, but to hold the other partners liable. But can the other partners be concluded by any such agreement? According to-the principles stated, they are also discharged, and being no party to the release, or in any manner bound thereby, they are not affected by the statute, or concluded by the intention of the parties to the instrument, whatever that may be.
We are of the unanimous opinion that by the release of McOlung, the firm of MeClung, Campbell & Gaut- were also forever absolved and discharged from all liability on the note.
Let the decree be reversed, and a decree entered in accordance herewith.